UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| Caitlin Rombough, *on behalf of herself and others similarly situated*, | Civil Action No.: |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | |
| Paycom Software, Inc., | Jury Trial Demanded |
| Defendant. | |

**Nature of this Action**

1. Caitlin Rombough ("Plaintiff") brings this class action lawsuit against Paycom Software, Inc. ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering more than one advertisement and/or marketing voice message or text message to residential telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

5. In particular, Defendant directed the subject voice messages and text message to Plaintiff's telephone in this district, and Plaintiff received Defendant's subject voice messages and text message in this district.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Cedar Rapids, Iowa.

7. Defendant is an online payroll and human resource technology provider based in Oklahoma City, Oklahoma.

## Factual Allegations

8. Plaintiff is, and at all times relevant to this action was, the regular and sole user of her cellular telephone number—(319) XXX-3342.

9. Plaintiff uses, and at all times relevant to this action used, her cellular telephone number as her personal residential telephone number.

10. Plaintiff does not use, and at no time relevant to this action used, her cellular telephone number for business or commercial purposes.

11. Since April 7, 2017, telephone number (319) XXX-3342 was registered with the DNC Registry.

12. On October 25, 2021, Defendant sent the following text message from (682) 551-3396 to telephone number (319) XXX-3342:

> Hi Kevin, I hope you had a great weekend! I am touching base to schedule a meeting for me to walk you through our software at Paycom as requested online.
> Are you available tomorrow afternoon or Wednesday for a meeting?

13. In response, on October 26, 2021, Plaintiff delivered the following text message to (682) 551-3369:

> This is not Kevin. He must've changed his number.

14. When dialed, the user of (682) 551-3369—who identified herself as McKenzie—responded affirmatively to the question "is this Paycom?"

15. As well, in October 2021, Defendant delivered at least six voice messages to telephone number (319) XXX-3342.

16. One of the voice messages stated:

Hey Kevin, this is McKenzie Fox from Paycom payroll. I was giving you a call, I saw that you requested to see a demo of our software online. So I was reaching out to get something scheduled with you. Give me a call, let me know if you have availability either this afternoon or tomorrow. My number is (682) 551-3369. Again (682) 551-3369. Thank you.

Click HERE to listen to the voice message.

17. Another one of the voice messages stated:

Hey Kevin, this is McKenzie at Paycom, touching base. I saw that you had requested to see a demo of our software online. So I was seeing if you have any availability either this afternoon or early next week for me to give you that quick demo. I'm looking forward to connecting with you and learning more about your business. Give me a call back. My number is (682) 551-3369. Thank you.

Click HERE to listen to the voice message.

18. Another one of the voice messages stated:

Hey Kevin, this is McKenzie Fox at Paycom payroll, I was touching base. I saw that you had requested to see a demo of our software online. So I was seeing if you have some availability this week for us to connect for a quick thirty minute meeting. Give me a call and let me know what works best for you. My number is (682) 551-3369. Again, that's (682) 551-3369. Thank you.

Click HERE to listen to message.

19. Another one of the voice messages stated:

Hey Kevin, this is McKenzie Fox at Paycom, I was touching base. I saw that you had requested to see a demo of our software online. So I was giving you a call to see if you have some availability this week for us to connect. Give me a call and let me know what your availability looks like. My number is (682) 551-3369. Thank you.

Click HERE to listen to the voice message.

20. Another one of the voice messages stated:

> Hey Kevin, this is McKenzie at Paycom payroll, I was touching base. I saw that you had requested to see a demo of our software online. So I was giving you a call to see if you have some availability this week for us to connect. Give me a call and let me know what works best. My number is (682) 551-3369. Again, that's (682) 551-3369. Thank you.

Click HERE to listen to the voice message.

21. And another one of the voice messages stated:

> Hey Kevin, this is McKenzie at Paycom, I was touching base. As I mentioned previously, I saw that you had requested to see a demo of our software online. So I was reaching out to get something scheduled with you. Give me a call and let me know what works best for you. My number is (682) 551-3369. Thank you.

Click HERE to listen to the voice message.

22. Defendant's subject voice messages were intended for someone other than, and unknown to, Plaintiff.

23. Defendant's subject text message was intended for someone other than, and unknown to, Plaintiff.

24. The purpose of Defendant's subject voice messages was to advertise and market Defendant's business or services.

25. The purpose of Defendant's subject text message was to advertise and market Defendant's business or services.

26. Plaintiff did not give Defendant prior express invitation or permission to deliver advertisement or marketing voice messages to her telephone number.

27. Plaintiff did not give Defendant prior express invitation or permission to deliver advertisement or marketing text messages to her telephone number.

28. Plaintiff did not request information or promotional materials from Defendant.

29. Plaintiff suffered actual harm as a result of the voice messages at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

30. Plaintiff suffered actual harm as a result of the text message at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

31. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff's telephone number was registered with the DNC Registry.

## Class Action Allegations

32. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Paycom Software, Inc. delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Paycom Software, Inc.'s goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before Paycom Software, Inc. delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (3) within four years preceding the date of this complaint and through the date of class certification.

33. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

34. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

35. The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

36. The class is ascertainable because it is defined by reference to objective criteria.

37. In addition, the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

38. Plaintiff's claims are typical of the claims of the members of the class.

39. As it did for all members of the class, Defendant delivered solicitation voice and text messages to Plaintiff's telephone number more than thirty days after Plaintiff's telephone number was registered with the DNC Registry.

40. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

41. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

42. Plaintiff suffered the same injuries as the members of the class.

43. Plaintiff will fairly and adequately protect the interests of the members of the class.

44. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

45. Plaintiff will vigorously pursue the claims of the members of the class.

46. Plaintiff has retained counsel experienced and competent in class action litigation.

47. Plaintiff's counsel will vigorously pursue this matter.

48. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

49. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

50. Issues of law and fact common to all members of the class are:

   a. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing voice messages;

   b. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

c. Defendant's practice of delivering voice messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

d. Defendant's practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

e. Defendant's violations of the TCPA; and

f. The availability of statutory penalties.

51. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

52. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

53. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

54. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

55. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

56. The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

57. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

58. There will be no extraordinary difficulty in the management of this action as a class action.

59. Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(c)(5)

60. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-59.

61. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

62. A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

63. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o

8

person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

64. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

65. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

66. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

67. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

68. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e) Enjoining Defendant from continuing its violative behavior, including continuing to deliver solicitation voice and text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: February 17, 2022

*/s/ Eric D. Puryear*
Eric D. Puryear
Puryear Law, P.C.
3719 Bridge Ave # 6
Davenport, IA 52807
Phone: (563) 265-8344
Fax: (866) 415-5032
eric@puryearlaw.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC  401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*